UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALE NEIDENBACH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:13-CV-1604 CAS |
| ) | |
| AMICA MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to dismiss defendant Amica Mutual Insurance Company's counterclaim. Defendant opposes the motion, which is fully briefed and ripe for review. For the following reasons, the Court will deny the motion to dismiss.

**I. Background**

Plaintiffs Dale and Kim Neidenbach allege in their first amended complaint that on or about October 10, 2012, a fire started on their property, and they sustained damage amounting to the total loss of their home and personal belongings. They claim that defendant Amica Mutual Insurance Company ("Amica") had issued them an insurance policy covering this damage, which was in full force and effect at the time. They also claim that they satisfied all conditions precedent under the policy. Plaintiffs made a demand for coverage under the policy, which defendant failed to pay. Plaintiffs allege that they have been damaged in excess of $612,000.00, and without specifying what type of claim they are bringing, they request in their amended complaint that the Court enter judgment in their favor against defendant Amica in excess of $25,000.00.

Defendant Amica filed an answer in response to the amended complaint, in which it asserted a number of affirmative defenses and a counterclaim against plaintiffs. Defendant alleges in its

affirmative defenses, among other things, that plaintiffs are barred from recovery and there is no coverage under the policy because the loss arose out of an intentional act by the insured, and that plaintiffs intentionally concealed and/or misrepresented material facts about the circumstances of the fire and the extent of the loss. Defendant brings its counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. In its counterclaim, defendant makes a number of very detailed factual allegations about the fire, plaintiffs' conduct before and after the fire, and relevant provisions of the policy at issue. The company also alleges that it made advance payments to plaintiffs under the policy, which should be returned to Amica, along with its expenses. For relief, defendant requests that the Court:

> (1) determine the rights and obligations of the parties under the Policy and enter a judgment construing the Policy, including the applicable coverage provisions, exclusions, and conditions thereunder, in favor of Amica; (2) declare that Amica is entitled to recover the total amount of said advance payments and additional living expenses, the amount of any payment to a mortgage holder, and the amount of expenses incurred in investigation, adjustment, and evaluation of the claim, including reasonable attorney's fees; and (3) for any and all further relief that the Court deems just and proper, under the circumstances.

See Doc. 19 at 22.

In their motion to dismiss, plaintiffs move to dismiss defendant's counterclaim on the grounds that it is duplicative of Amica's affirmative defenses. Citing to unpublished district court cases from Texas and Georgia, plaintiffs argue that the counterclaim should be dismissed because it is redundant, and defendant does not have "has some unfettered right to file a declaratory judgment

counterclaim just by pleading it correctly." See Doc. 21 at 2. Notably, plaintiffs do not argue that the counterclaim does not state an actual controversy, or that it is not pleaded sufficiently.

## II. Discussion

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The statute provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration," id. (quoting 28 U.S.C. § 2201(a)) (emphasis in original case, not original statute). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant." Id. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). "When [a counterclaim] for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim," courts may exercise their discretion to dismiss the counterclaim "on the ground that it is redundant and a decision on the merits of plaintiff's claim will render the request for a declaratory judgment moot." 6 Charles A. Wright, et al., Federal Practice and Procedure § 1406 (3d ed. 1998). "When deciding whether to dismiss a counterclaim as redundant, courts consider whether the declaratory judgment serves a useful purpose." Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC, 871 F.Supp.2d 843, 862 (D. Minn. 2012) (quoted case omitted). "Such an analysis requires consideration of whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." Id. (internal quotation marks and quoted case omitted).

Having reviewed the parties' pleadings, the Court finds that the counterclaim is not entirely redundant of Amica's affirmative defenses or the amended complaint. While the affirmative defenses and counterclaim are similar, the allegations in the counterclaim are much more particularized and fully developed, especially in comparison to plaintiff's amended complaint. Furthermore, the relief defendant is requesting in its counterclaim is not just a mirror image of the

amended complaint. Plaintiffs ask that they be awarded a judgment for the damages they sustained as a result of the fire; Amica requests that the Court declare that there is no coverage under the policy, <u>and</u> that it is entitled to recover its advance payments and expenses, plus attorney's fees. In its discretion, the Court declines to dismiss Amica's counterclaim for declaratory relief at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Dale and Kim Neidenbach's motion to dismiss defendant's counterclaim is **DENIED.** [Doc. 20]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>23rd</u> day of July, 2014.