UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DALE NEIDENBACH, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No. 4:13-CV-1604 CAS |
| AMICA MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Amica Mutual Insurance Company's motion to strike the advice of counsel defense in plaintiffs' amended answer to defendant's counterclaim. Plaintiffs oppose the motion, which is fully briefed and ripe for decision. For the following reasons, the Court will deny defendant's motion.

On July 23, 2014, the Court issued an Order denying plaintiffs' motion to dismiss defendant's counterclaim. On July 28, 2014, within the time allowed by Federal Rule of Civil Procedure 12(a)(4)(A), plaintiffs filed their answer to the counterclaim. That same day, plaintiffs moved to file an amended answer to the counterclaim to add the additional defense that in making their bankruptcy filings, they relied on the advice of their attorney. Amica Mutual Insurance Company ("Amica") opposed plaintiffs' motion to amend their answer to the counterclaim. Amica argued that plaintiffs' motion to amend was untimely because pursuant to the Case Management Order, the deadline to join additional parties or amend pleadings was February 28, 2014. The Court did not agree with Amica's argument and found that plaintiffs had moved to amend within the time contemplated by Federal Rule of Civil Procedure 15(a)(1). Therefore, the Court held that plaintiffs could amend as a matter of course, and leave was not required to file the amended answer. The

undersigned directed the Clerk of Court to detach and docket plaintiffs' amended answer, which was attached to their motion for leave.

Defendant now moves to strike plaintiffs' defense of advice of counsel from the amended answer to the counterclaim. In the motion to strike presently before the Court, Amica again argues that plaintiffs' amended answer to the counterclaim was untimely in that it was filed after the deadline to amend the pleadings had expired, and it faults plaintiffs for not moving to amend the Case Management Order before moving to amend their answer to the counterclaim. Amica also argues that plaintiffs' untimely disclosure of the new defense of advice of counsel is highly prejudicial to Amica in that discovery is set to close shortly, and Amica has not had the opportunity to request portions of the bankruptcy legal file or depose the plaintiffs' bankruptcy attorney.

The Court finds that Amica offers no compelling reason to strike plaintiffs' advice of counsel defense. The Court has already ruled that plaintiffs' motion to amend was timely made, and in fact was unnecessary. But even if the Court were to accept Amica's argument that plaintiffs required leave to amend under the Case Management Order, there is no reason to believe that plaintiffs could not have met the good cause standard. Plaintiffs' answer and amended answer to the counterclaim were filed only five days after the denial of their motion to dismiss.

Amica cites no applicable procedural rule or legal authority in support of its motion to strike. Rule 12(f) of the Federal Rules of Civil Procedure governs a motion to strike a defense in a pleading. Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are not favored and are infrequently granted, because they propose a drastic remedy. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ("[s]triking a party's pleading . . . is an extreme and disfavored measure."); Stanbury Law Firm, P.A. v. Internal Revenue Service,

221 F.3d 1059, 1063 (8th Cir. 2000). If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. Id. Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

Here, the defense of advice of counsel is clearly material to the matters at issue in this suit, and it is not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). As for Amica's argument that it will suffer prejudice if the defense is included, the trial date in this matter is almost six months away. There are other, less drastic ways of addressing Amica's concerns about its need to conduct additional discovery than striking plaintiffs' advice of counsel defense.

Accordingly

**IT IS HEREBY ORDERED** that Amica Mutual Insurance Company's motion to strike is **DENIED.** [Doc. 40]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of August, 2014.