UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALE NEIDENBACH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:13-CV-1604 CAS |
| v. ) | |
| ) | |
| AMICA MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Amica Mutual Insurance Company's motion for costs as the prevailing party in this suit. Amica Mutual Insurance Company ("Amica") filed a bill of costs seeking a total of $4,595.25 in costs. Plaintiffs oppose the bill of costs and argue that Amica is not entitled to recover a number of the costs defendant seeks. For the following reasons, defendant's motion will be granted in part.

*I. Discussion*

It is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted). Allowable costs, however, are generally limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442-43 (1987). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C.

§ 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979).

Here, Amica has requested the following categories of costs: fees to the clerk; fees for service of summons and subpoena; transcript costs and court reporter fees; fees for witnesses; and mediation costs. In support of their bill of costs, Amica filed an affidavit and documentation, which the Court has reviewed. Plaintiffs filed objections to the bill of costs and argue that Amica should not be allowed to recover the costs of the transcripts for examinations under oath that took place before this case was filed. Plaintiffs also argue that the costs for video-taping the examinations are not recoverable. In addition, plaintiffs assert that Amica is not entitled to mediation costs under 28 U.S.C. § 1920.

### A. Transcripts and Court Reporter Fees

The Court has broad discretion to tax "fees for printed or electronically recorded transcripts" that are reasonably necessary to the case and that were not incurred purely for investigative purposes. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997); Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995); Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975). Absent specific objections that depositions were improperly taken, transcript costs "will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted). Furthermore, expenses associated with video depositions are recoverable under § 1920. Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897 (8th Cir. 2009).

Amica seeks reimbursement of costs associated with, among other things, the examinations under oath of Dale and Kim Neidenbach. As defendant notes, these examinations were conducted approximately a month before plaintiffs filed suit. Plaintiffs signed the errata sheets for these examinations after their case was filed. The examinations took place in the presence of plaintiffs' counsel, who is counsel of record in this case, and they were used in this case, by both parties, in lieu of depositions – which no one disputes defendant would have been entitled to take under the Federal Rules of Civil Procedure. It is obvious from the record that the examinations were not taken purely for investigative purposes, but rather at the time the examinations were conducted, the parties anticipated litigation and Amica believed they would be necessary for the defense of its case. The Court finds, given the major role the persons examined played in the events underlying this case, that the costs associated with the examinations under oath were reasonably and necessarily incurred for use in this suit. Zup's of Babbitt-Aurora, Inc. v. West Bend Mut. Ins. Co., 2014 WL 3862309, at *1 (D. Minn. Aug. 6, 2014) (finding the transcripts costs for examinations under oath of crucial witnesses were recoverable, even though they were taken prior to the case being filed). Defendant is entitled to recover all of the costs it seeks for "printed or electronically recorded transcripts necessarily obtained for use in the case." Doc. 79 at 1.

### B. Mediation Fees

As for mediation fees, the Eighth Circuit has held that a mediator's fees do not constitute an item of taxable cost under 28 U.S.C. § 1920. Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002). Further, this Court's Local Rules state that, generally, each party will bear the cost of mediation. Therefore, the Court will subtract Five Hundred Forty-One Dollars and Twenty-Five Cents ($541.25), the cost of mediation, from defendant's Bill of Costs.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Amica Mutual Insurance Company's motion for Bill of Costs is **GRANTED** in part and **DENIED** in part. The Clerk of the Court shall tax costs of this matter in favor of defendant Amica Mutual Insurance Company and against plaintiffs Dale Neidenbach and Kim Neidenbach in the amount of Four Thousand Fifty-Four Dollars ($4,054.00). [Doc. 79]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of September, 2016.